HEARIN–MILLER TRANSPORTERS, INC., et al., Plaintiffs,

v.

UNITED STATES of America et al., Defendants (two cases).

Civ. A. Nos. 4175, 4176.

United States District Court
S. D. Mississippi,
Jackson Division.

June 16, 1969.

Phineas Stevens, Jackson, Miss., for plaintiffs.

Earl T. Thomas, Robert E. Hauberg, U. S. Atty., Jackson, Miss., Harry C. Ames, Jr., Interstate Commerce Commission, Washington, D. C., Stephen E. Heisley, Interstate Commerce Commission, Washington, D. C., Reagan Sayers, Fort Worth, Tex., Thomas E. James, Joe T. Lanham, Austin, Tex., for defendants.

Before COLEMAN, Circuit Judge, and COX and RUSSELL, District Judges.

PER CURIAM:

Plaintiffs seek a review by this three-judge court under 28 U.S.C.A. § 2284 of the orders of the Interstate Commerce Commission as provided by 28 U.S.C.A. §§ 1336, 1398 and §§ 2321–2325, both inclusive, regulating the hauling of freight by motor carrier. These allied proceedings were consolidated by the Court for trial and briefing for convenience of the parties and the Court. The plaintiffs seek injunctive relief from the orders of the Interstate Commerce Commission granting certain hauling rights and authority to the Bell Transport Company (hereinafter referred to as Bell).

Bell first obtained an order from the Commission to exchange its explosives and dangerous chemical cargo at the plant site of the Texas Eastman Company (hereinafter referred to as Eastman) in Longview, Texas. That permissive right was ultimately curtailed by Eastman, thereby precipitating the second proceeding before the Commission designated as Sub-No. 22 for the relocation of said interchange point to its own

terminal in Longview, Texas, approximately 4,515 feet from the plant site of Eastman. The plaintiffs level many attacks on and criticisms against the action of the Commission both in the initial deviation proceeding and in the interline proceeding (Sub-No. 22) which resulted in the carrier (Bell) exchanging only shipments of Eastman products at the Eastman plant site and all other shipments at the carrier's relocated terminal site. The Eastman site was in use by Bell for approximately two years prior to its disruption by Eastman for a company policy reason.

The Sub-No. 22 proceeding which appears here as Civil Action No. 4176(J) was not an application by the carrier for a *new* franchise, necessitating a specific finding of convenience and necessity, but was only a proceeding for the relocation of such interchange point and nothing more. The parties admit that a disposition (favorable to the carrier) of Case No. 4176(J) here will moot Case No. 4175(J).

■ The Commission is vested with a wide discretion in the exercise of its expertise in this very technical field of transportation which involves so many varied facets of public interest and concern.[1] This record literally bristles with contentions and criticisms of the plaintiffs leveled at the validity of the Commission's orders in these cases. A cataloging of such contentions and a separate disposition of each of them here would not be fruitful but would unduly extend this discussion without corresponding benefit or advantage. It suffices to say that the Court is not persuaded of the tenability of any of such contentions.

■ This record shows that there was substantial evidence before the Commission to support its ultimate findings and conclusions in these cases; and that there exists a rational basis for its determination thereof in both cases. The action of the Commission in these cases in entering these orders was not arbitrary, or capricious, or in violation of any rule of law, and did not impinge upon any vested right of any plaintiff here.

It is the opinion of this Court that these orders of the Commission in these cases are not vulnerable to any valid criticism thereof here, and that the complaints in these cases are without merit and will be dismissed at plaintiffs' cost in each case.

A separate order in each case accordingly may be presented to any judge of this Court for entry on behalf of the entire Court.

1. United States et al. v. Detroit & Cleveland Navigation Co. et al., 326 U.S. 236, 66 S.Ct. 75, 90 L.Ed. 38, says: "The Commission is the guardian of the public interest in determining whether certificates of convenience and necessity shall be granted. For the performance of that function the Commission has been entrusted with a wide range of discretionary authority. Interstate Commerce Commission v. Parker, 326 U.S. 60, 65 S.Ct. 1490 [89 L.Ed. 205]. Its function is not only to appraise the facts and to draw inferences from them but also to bring to bear upon the problem an expert judgment and to determine from its analysis of the total situation on which side of the controversy the public interest lies. Its doubt that the public interest will be adequately served if resumption of service is left to existing carriers is entitled to the same respect as its expert judgment on other complicated transportation problems. See Chesapeake & O. R. Co. v. United States, 283 U.S. 35, 42, 51 S.Ct. 337, 339, 75 L.Ed. 824; Alton R. Co. v. United States, 315 U.S. 15, 23, 62 S.Ct. 432, 437, 86 L.Ed. 586. Forecasts as to the future are necessary to the decision."